UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY ALAN HARGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3132 |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

Plaintiff alleges that he has an X-box 360 video gaming system that he would like to have repaired or replaced, but that he cannot due to a global ban by the facility. At this point the Court cannot rule out a First Amendment claim based on the gaming system. *See* Brown v. Entertainment Merchants Ass'n, 131 S.Ct 2729, 2733 (2011)("video games qualify for First Amendment protection"). Plaintiff makes global challenges to other parts of the electronics ban, but he does not allege that he seeks to use any other kind of electronic that is banned. The case will proceed on the gaming system ban, subject to the filing of an amended complaint if Plaintiff is being denied other electronics that he seeks to use.

However, no claim is stated against Defendant Ashby, who is the former Director of the facility. Though Ashby instituted the ban, he no longer works there and therefore has no ability to control whether Plaintiff is permitted to purchase an X-box or repair

the one he has.  The same conclusion is reached for Defendant Tarry Williams, the former security director, who also no longer works at the facility.

**IT IS ORDERED:**

1.   The hearing scheduled for June 17, 2013, is cancelled. The clerk is directed to notify Rushville Treatment and Detention Center of the cancellation.

2.   Pursuant to its review of the Complaint, the Court finds that Plaintiff states a First Amendment claim arising from the refusal to allow Plaintiff to fix or replace his gaming system.  This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.   Defendants Ashby and Williams are dismissed.

**4.   If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will**

**require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

    5.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6.   Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    7.   Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge

that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

    8.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    9.   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on August 12, 2013 at 10:00 a.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

    10.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the standard procedures**.

ENTERED: June 3, 2013

FOR THE COURT:

                               s/Sue E. Myerscough
                               SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE